UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSEPH HUBBARD,

    Plaintiff,

v.

                              Case No. 11-12707
                              Hon. Patrick J. Duggan

WASHINGTON MUTUAL BANK, F.A.,
and FEDERAL NATIONAL MORTGAGE
ASSOCIATION,

    Defendants.
_____/

## OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS

Plaintiff Joseph Hubbard instituted this action against Defendants Washington Mutual Bank, F.A., ("Washington Mutual") and Federal National Mortgage Association ("Fannie Mae") in state court seeking to redress alleged improprieties in the foreclosure of his home. Subsequent to removing the action to this Court, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. Having determined that oral argument would not significantly aid the decisional process, the Court dispensed with oral argument pursuant to Eastern District of Michigan Local Rule 7.1(f)(2). For the reasons stated herein, the Court grants Defendants' Motion for Summary Judgment.

## I.      FACTUAL AND PROCEDURAL BACKGROUND

**A.      The Note, Mortgage, and Eventual Foreclosure**

In January of 2006, Plaintiff and non-party Santilnetta Mastin signed an agreement to purchase certain real property in Ypsilanti, Michigan.  Subsequently, in mid-August of that year, RDK Homes (the transferor) conveyed the property to Plaintiff (a single man) and Mastin (a single woman) by way of a warranty deed. (Pls.' Resp. Ex. 1.)  On October 13, 2006, to finance the purchase, Plaintiff accepted a $257,640 loan from Washington Mutual (the "Note"), and, in exchange, executed a promissory note secured by a mortgage on real property located at 8716 Lilly Drive, Ypsilanti, Michigan (the "Property") in favor of Washington Mutual (the "Mortgage").  (Defs.' Mot. Exs. A, B.)  Mastin did not sign the Mortgage.

Washington Mutual was shuttered in 2008 and placed in receivership. JPMorgan Chase Bank, N.A. ("Chase"), purchased certain loans and other assets of Washington Mutual Bank from the Federal Deposit Insurance Corporation, acting as receiver, including the Note and Mortgage at issue in this litigation.

Plaintiff defaulted on the terms of the Note and Mortgage, and has not made a regular loan payment since March 1, 2008, although Plaintiff did make a number of payments pursuant to a trial loan modification plan.  (Plaintiff Dep. 38-40, Def.'s Ex. C.)  After reviewing Plaintiffs' documentation, Chase determined that Plaintiff was not eligible for a permanent modification and so informed him.  (*Id.*

at 39-40.) Chase worked with Plaintiff to try to obtain a different loan modification and Plaintiff was ultimately approved. (*Id.* at 42-43.) Plaintiff, however, declined to accept the new loan modification and has not made a payment on the Property in over two years. (*Id.* at 32, 43-44, 59-60.) After Plaintiff rejected the loan modification, but before the foreclosure sale, he retained an attorney. (*Id.* at 44, 50.)

Ultimately, Chase accelerated the loan and commenced foreclosure-by-advertisement proceedings. As required by Michigan law, Notices of Publication of a Foreclosure Sale were published in the Washtenaw County Legal News for four weeks. (Defs.' Ex. D.) After being adjourned several times, a sheriff's sale occurred on September 16, 2010. Fannie Mae purchased the Property and the Sheriff's Deed issued to Fannie Mae was recorded with the Washtenaw County Register of Deeds on September 24, 2010. (*Id.*) Pursuant to Michigan law, Plaintiff had until March 16, 2011 to exercise his statutory right of redemption, which he did not do. Mich. Comp. Laws § 600.3240(8).

**B.     Legal Proceedings**

On May 19, 2011, over two months after the expiration of the statutory redemption period, Plaintiff filed a three-count complaint in the Washtenaw County Circuit Court. Defendants, invoking diversity jurisdiction, removed the action to this Court on June 22, 2011. 28 U.S.C. §§ 1332, 1441, 1446. After

3

receiving an extension of the time to file a responsive pleading, Defendants answered Plaintiff's Complaint on October 10, 2011. The matter was subsequently adjourned for an extended period of time and on October 15, 2013, over two years after answering Plaintiff's Complaint, Defendants filed a motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The motion has been fully briefed.

Plaintiff's Complaint sets forth three counts: Count I – Quiet Title; Count II – Breach of Michigan Compiled Laws § 600.3205; and Count III – Deceptive Act and/or Unfair Practice. Each count generally alleges wrongdoing with the foreclosure by advertisement process based on allegations that Chase did not modify Plaintiff's loan and based upon other alleged procedural defects in connection with the foreclosure. As relief, Plaintiff seeks rescission of the sheriff's deed, damages, attorney's fees and costs, and other relief the Court deems proper.

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 instructs courts to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a) (2012). A court assessing the appropriateness of summary judgment asks "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

4

*Amway Distribs. Benefits Ass'n v. Northfield Ins. Co.*, 323 F.3d 386, 390 (6th Cir. 2003) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52, 106 S. Ct. 2505, 2512 (1986)).

### III.  ANALYSIS

Defendants seek dismissal of Plaintiff's Complaint on the basis (1) that Plaintiff has failed to plead facts regarding a fraud or irregularity sufficient to justify the equitable extension of the statutory redemption period, (2) that each of Plaintiff's individual counts fails as a matter of law, and (3) that Plaintiff's claims are barred by the equitable doctrines of laches and unclean hands.[1]

**A.  General Principles Pertaining to Michigan's Foreclosure by Advertisement Statute**

Foreclosures by advertisement, such as the foreclosure at issue in this case, as well as the rights of both the mortgagor and mortgagee after a foreclosure sale has occurred, are governed by Michigan statutory law. *See, e.g.*, *Senters v. Ottawa Sav. Bank, F.S.B.*, 443 Mich. 45, 50, 503 N.W.2d 639, 641 (1993); *Conlin v. Mortgage Elec. Registration Sys., Inc.*, 714 F.3d 355, 359 (6th Cir. 2013) (applying Michigan law) (citation omitted).

Pursuant to Michigan law, a mortgagor has six months from the date of the sheriff's sale to redeem a foreclosed property. Mich. Comp. Laws § 600.3240(8).

---

[1] Because the other arguments are dispositive, the Court does not address the arguments arising in equity.

Significant consequences flow from a mortgagor's failure to redeem prior to the expiration of this six-month period: the mortgagor's "right, title, and interest in and to the property" are extinguished, *Piotrowski v. State Land Office Board*, 302 Mich. 179, 4 N.W.2d 514, 517 (1942), and the deed issued at the sheriff's sale "become[s] operative, and [] vest[s] in the grantee named therein . . . all the right, title, and interest [] the mortgagor had[,]" Michigan Compiled Laws § 600.3236. This rule of law – holding that absolute title vests in the purchaser at the foreclosure sale upon expiration of the redemption period – has been applied consistently by state and federal courts alike to bar former owners from making any claims with respect to a foreclosed property after the statutory redemption period has lapsed.

There is, however, one caveat to the general rule described above. Once a foreclosure sale has taken place and the redemption period has run, a court may allow "an equitable extension of the period to redeem" if a plaintiff-mortgagor makes "a clear showing of fraud, or irregularity[.]" *Schulthies v. Barron*, 16 Mich. App. 246, 247-48, 167 N.W.2d 784, 785 (1969); *see also Freeman v. Wozniak*, 241 Mich. App. 633, 637, 617 N.W.2d 46, 49 (2000) ("[I]n the absence of fraud, accident or mistake, the possibility of injustice is not enough to tamper with the strict statutory requirements.") (citing *Senters*, 443 Mich. at 55, 503 N.W.2d at 643). Notably, the purported fraud or irregularity must relate to the foreclosure

procedure. *Reid v. Rylander*, 270 Mich. 263, 267, 258 N.W. 630, 631 (1935) (holding that only the foreclosure procedure may be challenged after a sale); *Freeman*, 241 Mich. App. at 636-38, 617 N.W.2d at 49 (reversal of sheriff's sale improper without fraud, accident, or mistake in foreclosure procedure). Thus, while the "validity of sale may be tested" any "underlying equities . . . bearing on the instrument . . . cannot be made triable issues[.]" *Reid*, 270 Mich. at 267, 258 Mich. at 631.

If a plaintiff seeking to set aside the sheriff's sale demonstrates fraud or irregularity in connection with the statutory foreclosure procedure, the result is "a foreclosure that is voidable, not void *ab initio*." *Kim v. JPMorgan Chase Bank, N.A.*, 493 Mich. 98, 115, 825 N.W.2d 329, 337 (2012). In order "to set aside the foreclosure sale, plaintiffs must show that they were prejudiced by defendant's failure to comply" with Michigan's foreclosure by advertisement statute. *Id.* "To demonstrate such prejudice, [plaintiffs] must show that they would have been in a better position to preserve their interest in the property absent defendant's noncompliance with the statute." *Id.* at 115-16, 825 N.W.2d at 337 (footnote omitted).

Although the redemption period has expired in the instant case, Plaintiff asks the Court to quiet title in his favor. In asking for this relief, Plaintiff requests that the Court rescind the sheriff's sale and nullify the deed issued to Fannie Mae upon

purchasing the Property. The posture of this case therefore requires that the Court assess whether Plaintiff's claims withstand summary judgment within the fraud or irregularity framework outlined above. In other words, the Court must determine whether, under Michigan law, the foreclosure sale is voidable, or could be set aside, on the undisputed material facts. *See Savedoff v. Access Group, Inc.*, 524 F.3d 754, 762 (6th Cir. 2008) (observing that the *Erie* doctrine requires federal courts hearing state law claims to apply the decisions of the state's highest court). Although the Court answers this inquiry in the negative, the Court proceeds to address the viability of each of the three causes of action alleged in the Complaint to ensure that Plaintiff's counsel understands the inherent flaws in the arguments presented.

### B.     Setting Aside the Foreclosure Sale

The Complaint makes no allegations of fraud, therefore, the Court focuses on whether Plaintiff has sufficiently established the existence of an irregularity. First, the Complaint makes various allegations of "robo-signing" and defective notary attestation. (Compl. ¶¶ 39-40.) At this stage in the proceedings, however, Plaintiff may not rely on the vague allegations set forth in his Complaint.[2] *See generally* Fed. R. Civ. P. 56(c), (e).

---

[2] Plaintiff's counsel appears to disregard that Defendants have moved for summary judgment. (*See generally* Pl.'s Resp. 9-11.)

The second suggestion of an irregularity is that the omission of Mastin's name from the Mortgage "precludes Defendants from foreclosing on the subject property and proceeding with a Sheriff's Sale." (Pls.' Resp. 2.) Plaintiff does not cite to any law in support of this contention and does not even suggest that Mastin was a party to the loan agreement with Washington Mutual such that her name should have been on the Mortgage. Such threadbare and unsupported allegations are insufficient to withstand dismissal pursuant Federal Rule of Civil Procedure 12 and certainly fare no better at the summary judgment stage. Plaintiff has generally failed to satisfy his burden of demonstrating the existence of a genuine dispute of material fact for the reason no evidence in support of the irregularity allegations has been presented to this Court. The Complaint should be dismissed on this reason alone.

Even if Plaintiff sufficiently supported his allegations of irregularity, Plaintiff's arguments regarding prejudice are plainly insufficient to create a genuine issue of material fact. Plaintiff contends that the issue of prejudice "can only be borne out through depositions or requests for admission or other forms of discovery." (Pl.'s Resp. 11.) This argument is wholly disingenuous as the discovery period is over. The parties jointly submitted a discovery plan pursuant to Federal Rule of Civil Procedure 26(f) on October 19, 2011. Plaintiff's counsel provided the Court with a witness list on December 31, 2011. Lastly, the most

9

recent scheduling order, entered on June 24, 2013, provided a discovery due date of September 24, 2013.[3] Again, the Complaint, which primarily seeks rescission of the sheriff's deed as relief, is subject to dismissal on this basis alone. However, the Court addresses the individual counts immediately below.

C.     **Quiet Title (Count I)**

A plaintiff seeking to quiet title must establish a substantive right in the property superior to others claiming an inconsistent interest. *Beach v. Twp. of Lima*, 489 Mich. 99, 110, 802 N.W.2d 1, 8 (2011). Plaintiff bears the initial burden of proof and must establish a *prima facie* case of title. *Stinebaugh v. Bristol*, 132 Mich. App. 311, 316, 347 N.W.2d 219, 221 (1984) (citation omitted). "Establishing a *prima facie* case of title requires a description of the chain of title through which ownership is claimed." *Sembly v. U.S. Bank, N.A.*, No. 11-12322, 2012 U.S. Dist. LEXIS 1440, at *9 (E.D. Mich. Jan. 6, 2012) (Rosen, C.J.). Here, Plaintiff claims title by way of a warranty deed he received upon purchasing the Property in 2006 and explains that Fannie Mae claims title by way of the deed issued after the sheriff's sale.

---

[3] Plaintiff's counsel attached documents to Plaintiff's Response as exhibits. These exhibits were not referenced in the Complaint and were not attached thereto. Thus, even if Defendants were seeking dismissal pursuant to Federal Rules of Civil Procedure 12(6)(6) or 12(c), Plaintiff's counsel's attachment of these exhibits would, if considered by the Court, convert the Rule 12 motion into one for summary judgment. Fed. R. Civ. P. 12(d).

As an initial matter, the Court notes that quiet title actions are remedies, not independent causes of action. *Goryoka v. Quicken Loan, Inc.*, No. 11-2178, 2013 U.S. App. LEXIS 5524, at * 7 (6th Cir. Mar. 18, 2013) (per curiam) (affirming district court's denial of quiet title count on this basis). Because Plaintiff has failed to make "a clear showing of fraud or irregularity as to the foreclosure proceeding itself[,]" Plaintiff cannot demonstrate that he has title to Property superior to Fannie Mae such that the Court should quiet title in his favor. *See Williams v. Pledged Property II, LLC*, 508 F. App'x 465, 468 (6th Cir. 2012).

Plaintiff admits that he failed to make the required payments pursuant to the Note and Mortgage and that as a result, he defaulted on the loan. (Plaintiff Dep. 32.) These admissions preclude any finding that Plaintiff has a plausible claim of ownership superior to Fannie Mae's.[4] In fact, all evidence before the Court supports a finding that Fannie Mae has superior title to the Property based on the sheriff's sale and subsequent expiration of the statutory redemption period.[5] *Piotrowski*, 302 Mich. at 186, 4 N.W.2d at 516 (explaining that mortgagors lose

---

[4] Plaintiff makes no effort to explain why an action to quiet title has been brought against Chase as Chase does not have title to, or claim an ownership interest in, the Property.

[5] Plaintiff's reliance on *Mitan v. Federal Home Loan Mortgage Corporation*, 703 F.3d 949 (6th Cir. 2013), as support for the quiet title claim is completely unavailing and the decision, issued prior to the Michigan Supreme Court's decision in *Kim v. JPMorgan Chase Bank*, 493 Mich. 98, 115, 825 N.W.2d 329, 337 (2012), has been thoroughly discredited. *Mourad v. Homeward Residential, Inc.*, 517 F. App'x 360 (6th Cir. 2013).

11

"all their right, title, and interest in and to the property at the expiration of their right of redemption").

Because Plaintiff has not demonstrated any legally cognizable interest in the Property, Defendants are entitled to judgment as a matter of law on Count I.

**D.     Breach of Michigan Compiled Laws § 600.3205 (Count II)**

Plaintiff argues that he "has established" Defendants'[6] failure to comply with Michigan Compiled Laws § 600.3205c because Chase "incorrectly determined that Plaintiff was not eligible" for a loan modification "and subsequently failed to determine whether Plaintiff was eligible" for a loan modification.  (Pl.'s Resp. 8 (citing Ex. 3[7]).)  This claim is factually meritless, as Plaintiff's deposition testimony illustrates.  Plaintiff testified to various discussions with Chase regarding a modification, he admitted to receiving a denial letter in connection with his first loan modification application, and he further admitted that

---

[6] Plaintiff's counsel does not endeavor to explain why this count is brought against Fannie Mae.  Fannie Mae purchased the Property at the sheriff's sale and was not involved with the foreclosure by advertisement proceedings.  This count should only be pleaded against Chase.

[7] The Court notes that Exhibit 3 utterly fails to support the proposition for which Plaintiff's counsel contends.  This Exhibit contains two emails.  The first, an email from Roy Malone at Bloomfield Financial Services dated April 17, 2012, explains an explanation of how Plaintiff could qualify for a loan modification pursuant to the federal government's HAMP guidelines.  This is evidence of an eligibility calculation.  The second, an email from defense counsel clearly marked as correspondence in furtherance of settlement negotiations and barred by Federal Rule of Evidence 408 dated April 2, 2012, includes calculations and explains why Plaintiff's modification application was denied.

12

he did not request the calculations in support of the denial. (Plaintiff Dep. 44, 50-51.) As to the second loan modification application, Plaintiff admits that was offered a loan modification but indicated that he rejected it. (*Id.* at 50.)

In addition to being factually frivolous, Count II fails as a matter of law. First, the requirements set forth in Michigan Compiled Laws § 600.3205c were not in effect at the time of the instant foreclosure. The statute (which has since been repealed) never applied to mortgages where the first notice of publication was made prior to the effective date of the statute, which was July 5, 2009. The first notice in this case was sent on November 20, 2008, well before the effective date. Plaintiff's counsel failed to respond to this argument.

Second, even if this Count did not predate the effective date of the statute and even if Plaintiff had not admitted, in essence, that no statutory violation occurred, the statute does not require mortgage holders or servicers to modify a loan and therefore, the failure to modify does not provide an independent basis for finding a statutory violation. *Dingman v. One West Bank, FSB*, 899 F. Supp. 2d 912, 922 (E.D. Mich. 2012); *see also Ellison v. JPMorgan Chase, N.A.*, No. 12-12629, 2012 U.S. Dist. LEXIS 142386, at *13 (E.D. Mich. Oct. 2, 2012) (Cohn, J.) (explaining that the loan modification statute "does not require [banks] to modify any specific loan[]"). Moreover, even if the statute was violated, the statute "does not provide any basis for unwinding the foreclosure." *Ellison*, No. 12-12629, 2012

13

U.S. Dist. LEXIS 142386, at *13; *see also Benford v. CitiMortgage, Inc.*, No. 11-12200, 2011 U.S. Dist. LEXIS 130935, at *5 (E.D. Mich. Nov. 14, 2011) (Duggan, J.) ("[T]he statute does not permit the Court to set aside a completed foreclosure sale."). Rather, the statute provides for a specific remedy in cases where a foreclosure by advertisement is commenced in violation of the loan modification statute: "the borrower may file an action in the circuit court for the county where the mortgaged property is situated to convert the foreclosure proceeding to a judicial foreclosure." Mich. Comp. Laws § 600.3205c(8); *see also Block v. BAC Home Loans Serv., L.P.*, No. 12-1955, 2013 U.S. App. LEXIS 6393, at *4-5 (6th Cir. Mar. 26, 2013) ("Even if the Blocks' [loan modification] claim had merit, they could not receive what their complaint asks for: 'all legal title to' the foreclosed home. . . . Instead, the remedy for a breach of the loan-modification statute is to 'convert the foreclosure proceeding to a judicial foreclosure.'") (citations omitted). No action to convert the foreclosure was filed prior to the running of the redemption period. As such, the Court may not set aside the foreclosure as a matter of law.[8]

---

[8] Plaintiff's counsel should be aware of the law on this issue as the Michigan Court of Appeals dismissed an appeal filed by Plaintiff's counsel which sought relief under Michigan Compiled Laws § 600.3205c just last year. In this case, the Michigan Court of Appeals explained:

> Plaintiffs' reliance on M.C.L. 600.3205c, in and of itself, is unavailing. The statute provides a mechanism by which a borrower

### E.  Deceptive Act and/or Unfair Practice (Count III)

"Michigan common law has no independent cause of action for a 'deceptive act or unfair trade practice[.]'" *Dingman*, 859 F. Supp. 2d at 921.  When faced with similar allegations, courts have construed them "as arising under the Michigan Consumer Protection Act ("MCPA")." *See, e.g.*, *id.*; *Sembly*, No. 11-12322, 2012 U.S. Dist. LEXIS 1440, at *15.  Without delving into the mechanics of the MCPA too deeply, "[b]oth Michigan courts and federal courts applying Michigan law have consistently held that the MCPA does not apply to claims arising out of residential mortgage transactions." *Sembly*, No. 11-12322, 2012 U.S. Dist. LEXIS 1440, at *15-16 (citation omitted).  Plaintiff's Count III arises out of a residential mortgage transaction and therefore fails as a matter of law.[9]

---

    may demand that a foreclosure proceed under supervision of a court, but the statute does not in and of itself create an independent cause of action to nullify a foreclosure sale after the expiration of the redemption period.

*Tipton v. Flagstar Bank, FSB*, No. 305911, 2012 Mich. App. LEXIS 1939, at *2 (Mich. Ct. App. Oct. 9, 2012) (per curiam) (unpublished).

    [9] Plaintiff's Response appears to add a new claim for a "Breach of Duty of Good Faith and Fair Dealing." (Pl.'s Resp. 13-14.)  Although not alleged in the Complaint, the Court notes that "Michigan law does not recognize a cause of action for breach of the implied covenant of good faith and fair dealing." *Fodale v. Waste Mgmt. of Mich., Inc.*, 271 Mich. App. 11, 35, 718 N.W.2d 827, 841 (2006) (citation omitted).

15

## IV. CONCLUSION AND ORDER

For the reasons set forth above, the Court concludes that each count contained in Plaintiff's Complaint fails as a matter of law.

Accordingly,

**IT IS ORDERED** that Defendants' Motion for Summary Judgment (ECF No. 18) is **GRANTED**.

Date: February 6, 2014

                                  s/PATRICK J. DUGGAN
                                  UNITED STATES DISTRICT JUDGE

Copies to:

**Darwyn P. Fair, Esq.**
**Christyn M. Scott, Esq.**
**David M. George, Esq.**